UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA RAMIREZ, on behalf of N.R., <br><br>Plaintiff, <br><br>v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>Defendant. | No. 1:21-cv-00109-EPG <br><br><br>ORDER DENYING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM WITHOUT PREJUDICE <br><br>(ECF No. 3) |

Plaintiff Susana Ramirez, on behalf of N.R., a minor, filed a complaint to review Defendant Commissioner of Social Security's decision on January 26, 2021. (ECF No. 1). On account of N.R. being a minor, Plaintiff Ramirez filed a motion to appoint a guardian ad litem the same day. (ECF No. 3). The motion and accompanied declaration state that the proposed guardian ad litem is N.R.'s mother. (*Id.* at 3). For the following reasons, the Court denies the motion, without prejudice to Plaintiff's re-filing the motion in compliance with Local Rule 202(c).

**I.   LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In construing Rule 17(c), the Ninth Circuit has stated, "Although the [district] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider

whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.,* 795 F.2d 796, 805 (9th Cir.1986).

The Court looks to "the law of the individual's domicile" to determine that individual's capacity to sue or be sued. Fed. R. Civ. P. 17(b)(1). Here, that law is California. (*See* ECF No. 1) (Plaintiff is domiciled in Fresno, California). In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.,* 147 Cal.App.4th 36, 38 (2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50. While, "[a] parent is generally appointed guardian ad litem," *Anthem Life Ins. Co. v. Olguin*, No. 1:06-CV-01165 AWI-NEW, 2007 WL 1390672, at *3 (E.D. Cal. May 9, 2007), "a parent is not entitled to be the next friend of his or her child as a matter of absolute right." *Id.* at *2 (citing *Fong Sik Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955)).

Courts in this district have found that parents do not have adverse interests from their children in cases challenging only the decision of the Commissioner of Social Security. *See, e.g., Castillo v. Saul*, No. 1:20-CV-0991-JLT, 2020 WL 4570399, at *1 (E.D. Cal. Aug. 7, 2020) ("Plaintiff is the child of Daniela Padraza Reyes, and is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, the child's ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Upon review of the Complaint, it does not appear there are adverse interests, because the only claims are asserted on Plaintiff's behalf."); *L.H. v. Comissioner of Soc. Sec.*, No. 1:12-CV-00022-JLT, 2012 WL 1739811, at *1 (E.D. Cal. May 15, 2012) ("Upon review of the Complaint, it does not appear there are adverse interests. Ms. Owens does not have competing claims with Plaintiff, because the only claim in this action is for review of the decision denying Plaintiff's claim for benefits. Therefore, Ms. Owens' appointment as guardian ad litem for her son is appropriate.").

Local Rule 202(c) provides additional requirements:

> (c) Disclosure of Attorney's Interest.  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

## II. APPLICATION

Plaintiff has indicated stating that N.R. is a minor, so a guardian ad litem is necessary to continue this action. Plaintiff has properly filed a motion to appoint herself as guardian ad litem for N.R. *See* Local Rule 202(a)(2). There appear to be no conflicts between Plaintiff and N.R. upon a review of the complaint, as Plaintiff seeks only to review the decision of the Commissioner of Social Security. *See L.H.*, 2012 WL 1739811, at *1. In addition, Plaintiff is represented by Jonathan O. Peña, a competent counsel who has appeared before the Court in numerous other Social-Security cases. *See also* Peña & Bromberg, PLC, *Fresno Social Security Disability Lawyer*, www.jonathanpena.com (last visited Jan. 28, 2021) ("Located in Fresno, Peña & Bromberg, PLC provides comprehensive legal services to disabled individuals and their families in Central Valley, California and throughout the United States. We are well versed in disability benefits programs available through the Social Security Administration, including Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI).").[1]

Nevertheless, the motion does not comply with Local Rule 202(c) as it does not disclose the attorney's interest.

///

---

[1] The docket lists the email address for counsel as info@jonathanpena.com. The Court takes judicial notice of the fact that counsel's website advertises himself as having experience in Social-Security cases. Fed. R. Evid. 201; *Threshold Enter. Ltd. V. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."); *2Die4Kourt v. Hillair Cap. Mgmt., LLC*, No. 16-cv-1304-JVS-DFM, 2016 WL 4487895, at *1 n.1 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of thirty-four online news articles and social media posts "solely for their existence and content, and not for the truth of any statements in the documents."). In addition, Mr. Peña has 32 active Social-Security cases before the undersigned and a total of 276 such cases in this district. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases").

**III.     ORDER**

Accordingly, it is HEREBY ORDERED THAT Plaintiff's motion for the appointment of guardian ad litem (ECF No. 3) is DENIED, WITHOUT PREJUDICE, to Plaintiff filing a revised motion that complies with Local Rule 202(c).

IT IS SO ORDERED.

Dated:   **January 28, 2021**                    /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE