UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA RAMIREZ, on behalf of N.R., <br><br>Plaintiff, <br><br>v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>Defendants. | No. 1:21-cv-00109-EPG <br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM <br><br>(ECF No. 10) |

Plaintiff Susana Ramirez, on behalf of N.R., a minor, filed a complaint to review Defendant Commissioner of Social Security's decision on January 26, 2021. (ECF No. 1). Pending before the Court is Plaintiff's motion to appoint a guardian ad litem. (ECF No. 10).

**I.   BACKGROUND**

On account of N.R. being a minor, Plaintiff Ramirez filed a motion to appoint a guardian ad litem together with Plaintiff's Social-Security complaint. (ECF No. 3). The Court denied the initial motion without prejudice for noncompliance with Eastern District of California Local Rule 202. (ECF No. 9). Plaintiff filed a revised motion on February 1, 2021.[1] (ECF No. 10).

///

///

---

[1] Shortly after Plaintiff filed the revised motion, the Court issued an order staying the case and requiring Plaintiff to file a renewed motion to appoint a guardian ad litem or for another appropriate order. (ECF No. 11). That order was signed before, but docketed after, Plaintiff filed her revised motion.

1

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In construing Rule 17(c), the Ninth Circuit has stated, "Although the [district] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.,* 795 F.2d 796, 805 (9th Cir.1986).

The Court looks to "the law of the individual's domicile" to determine that individual's capacity to sue or be sued. Fed. R. Civ. P. 17(b)(1). Here, that law is California. (*See* ECF No. 1) (Plaintiff is domiciled in Fresno, California). In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.,* 147 Cal.App.4th 36, 38 (2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50. While, "[a] parent is generally appointed guardian ad litem," *Anthem Life Ins. Co. v. Olguin*, No. 1:06-CV-01165 AWI-NEW, 2007 WL 1390672, at *3 (E.D. Cal. May 9, 2007), "a parent is not entitled to be the next friend of his or her child as a matter of absolute right." *Id.* at *2 (citing *Fong Sik Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955)).

Courts in this district have found that parents do not have adverse interests from their children in cases challenging only the decision of the Commissioner of Social Security. *See, e.g., Castillo v. Saul*, No. 1:20-CV-0991-JLT, 2020 WL 4570399, at *1 (E.D. Cal. Aug. 7, 2020) ("Plaintiff is the child of Daniela Padraza Reyes, and is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, the child's ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Upon review of the Complaint, it does not appear there are

2

adverse interests, because the only claims are asserted on Plaintiff's behalf."); *L.H. v. Comissioner of Soc. Sec.*, No. 1:12-CV-00022-JLT, 2012 WL 1739811, at *1 (E.D. Cal. May 15, 2012) ("Upon review of the Complaint, it does not appear there are adverse interests. Ms. Owens does not have competing claims with Plaintiff, because the only claim in this action is for review of the decision denying Plaintiff's claim for benefits. Therefore, Ms. Owens' appointment as guardian ad litem for her son is appropriate.").

Local Rule 202(c) provides additional requirements:

> (c) Disclosure of Attorney's Interest.  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

### III.   APPLICATION

Plaintiff's motion indicates that N.R. is a minor. As such, the Court finds appointment of a guardian ad litem appropriate in this action that concerns N.R.'s Social-Security Disability Insurance and Supplemental Security Income. Fed. R. Civ. P. 17.

Plaintiff, who is the proposed guardian ad litem, is N.R.'s mother. As in *Castillo*, "[u]pon review of the Complaint, it does not appear there are adverse interests, because the only claims are asserted on [N.R.'s] behalf." *Castillo*, 2020 WL 4570399, at *1. Therefore, the appointment of Plaintiff as N.R.'s guardian ad litem is also appropriate. See *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."). The Court notes that the revised motion complies with Local Rule 202.

### IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of guardian ad litem (ECF No. 10) is GRANTED and Susana Ramirez shall serve as

///

guardian ad litem for N.R. in this action.

IT IS SO ORDERED.

Dated: **February 2, 2021**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE