UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA RAMIREZ, *on behalf of N.R.*,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00109-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 22). |

This matter is before the Court on Plaintiff's[1] complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding Plaintiff's application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 15).

Plaintiff presents the following issues:

---

[1] Plaintiff Susana Ramirez proceeds as the guardian ad litem on behalf of N.R., her minor male child. (*See* ECF No. 12). Because it is N.R.'s alleged disability that is at issue in this case, this order uses the term "Plaintiff" to refer to N.R.

1

(1) The ALJ failed to follow the regulations in evaluating Plaintiff's disability under the childhood standards, and erroneously disregarded evidence of extreme limitations in the domain of caring for self. The ALJ failed to apply the "whole child" approach and improperly concluded Plaintiff did not functionally equal the Listings.

(2) The ALJ erred in evaluating Plaintiff's subjective complaints, and failing to set forth any clear and convincing reason for rejecting his alleged limitations.

(ECF No. 22, p. 1).

Having reviewed the record, administrative transcript, the briefs of the parties,[2] and the applicable law, the Court finds as follows:

## I. ANALYSIS

### A. Disability Evaluation under Childhood Standards

Plaintiff first argues that the ALJ failed to follow the relevant regulations in evaluating Plaintiff's alleged disability under the childhood standards and disregarded material evidence. (ECF No. 22, p. 8). Specifically, Plaintiff challenges the ALJ's determination as to his ability to care for himself, arguing that "the ALJ failed to discuss the impact of Plaintiff's impaired insight and judgment and his refusal of treatment at times." (*Id.* at 9).

An ALJ is required to assesses whether severe impairments meet or equal any impairment that is listed in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 416.924, 416.925, 416.926, 416.926a. If such an impairment exists, the ALJ must find the child disabled. 20 C.F.R. §§ 416.924(d)(1). If the child's impairment does not meet or medically equal any listing, then the ALJ must determine if the limitations caused by the impairment functionally equals a listing in the Listing of Impairments. 20 C.F.R. § 416.926a(a).

"A 'whole child approach' is used when determining functional equivalence in child disability cases." *R.S. by & Through Herrera v. Berryhill*, 357 F. Supp. 3d 1033, 1037 (C.D. Cal. 2019). The ALJ considers all of the child's activities, "everything [the child does] at home, at school, and in [the] community." 20 C.F.R. §§ 416.926a(b). And the ALJ assesses the child's function in activities in terms of six domains: (1) acquiring and using information; (2) attending

---

[2] Plaintiff filed an opening brief on February 10, 2022, and Defendant filed an opposition brief on March 12, 2022. (ECF Nos. 22, 23). Plaintiff did not file a reply brief.

and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

To functionally equal a listing, the impairments must result in marked limitations in two domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R.§ 416.926a(a). A "marked" limitation is one that "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). It is "more than moderate" but "less than extreme." *Id.* A child's "day-to-day functioning may be seriously limited when [his or her] impairment(s) limits only one activity or when the interactive and cumulative effects of [his or her] impairment(s) limit several activities." *Id.* An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3). It is the rating given to "the worst limitations." *Id.*

In reviewing an ALJ's decision regarding a child's functional equivalence, the Court considers whether it is supported by substantial evidence. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003) (reviewing ALJ's functional-equivalence determination under substantial-evidence standard). "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

Regarding the Plaintiff's ability to care for himself, which Plaintiff argues he has extreme limitations in, the ALJ concluded as follows: "Regarding caring for himself, the claimant has less than marked limitations. Accounting for the claimant's deficits in attending and completing tasks, he may have some limitations in [caring] for himself but these deficits are not markedly limiting. He needs supervision and reminders to take medication and attend appointments." (A.R. 19). Thereafter, the ALJ discussed three medical opinions that supported this determination. (*Id.*).

As an initial matter, while Plaintiff argues that the ALJ should have "discuss[ed] the impact of Plaintiff's impaired insight and judgment and his refusal of treatment at times," the ALJ

is not required to "discuss evidence that is neither significant nor probative." *Howard ex rel. Wolff*, 341 F.3d at 1012 (internal citation omitted). Here, Plaintiff fails to discuss any specific evidence of "impaired insight and judgment" or "refusal of treatment," and explain how such evidence would have been significant or probative as to Plaintiff's ability to care for himself. Accordingly, the Court is left without any basis to find an extreme limitation regarding Plaintiff's ability to care for himself.

Moreover, "the key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the [ALJ's] actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). On this point, the ALJ cited the medical opinions of three doctors to support the ALJ's conclusion regarding Plaintiff's ability to care for himself. First, state agency psychologist, Dr. Heather Hernandez, reviewed the medical record and opined that Plaintiff had "[m]ed compliance issues" but ultimately concluded that he had less than marked limitations in caring for himself. (A.R. 19, 52). Next, on reconsideration, Dr. David Tessler offered the same opinion. (A.R. 19, 63). Lastly, Dr. Allison Podczerwinksy, an impartial medical expert, opined that Plaintiff had no limitations in caring for himself. (A.R. 19, 420). Such opinion testimony, especially considering that Plaintiff has failed to point to contrary record evidence, constitutes substantial evidence to conclude that Plaintiff did not have an extreme limitation in the domain of being able to care for himself.

### B.     Plaintiff's Subjective Testimony

Plaintiff next argues that the ALJ impermissibly rejected his subjective symptom testimony. (ECF No. 22, p. 10). The Ninth Circuit has provided the following guidance regarding a plaintiff's subjective complaints:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting

the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Additionally, an ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

Here, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 18). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

The ALJ summarized Plaintiff's testimony and the reasons for discounting it as follows:

> The claimant alleges that bipolar disorder and ADHD prevents him from working (Ex. 4E at 2). The claimant testified that he doesn't like school or being around people. He stated that he fights with his brother a lot and does not go out with friends.
>
> . . . .
>
> Discharge notes from October 2018 indicate that the claimant has no medical necessity for continued treatment, he does not require any mental health services for maintaining adequate functioning, and he has derived maximum benefit from mental health care (Ex. 9F at 3). Progress notes from February 2019 indicate that the claimant still has some distracted and attention issues but he has been compliant with medication (Ex. 7F at 1). Examination notes from February 2019 noted a normal physical and mental examination (Ex. 8F at 6). The claimant was again found to have a normal mental and physical examination in March 2019 (Ex. 13F at 13). In July 2020, the claimant was noted to have hyperactive motor activity but an otherwise normal examination (Ex. 14F at 1).

(A.R. 18).

Upon review of the ALJ's decision, the Court concludes that the ALJ's credibility determination was supported "with findings sufficiently specific to permit the [C]ourt to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas*, 278 F.3d at 958. Notably, as the ALJ pointed out, the medical record documented instances of normal findings and that Plaintiff no longer needed mental health treatment. (A.R. 344 and 434 (noting normal

psychiatric exam), 352 ("Consumer does not require specialty mental health services for maintaining adequate functioning."), 453 (noting normal some normal psychiatric findings). Based on such evidence, it was reasonable for the ALJ to conclude that Plaintiff's claim of inability to work due to his mental health issues was inconsistent with the medical record. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (noting that inconsistencies between claimant's testimony and medical evidence was a proper ground to discredit testimony).

Thus, after considering the reasons given and the record as a whole, the Court finds that the ALJ provided specific, clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective symptom testimony.

## II.  CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner of Social Security is hereby affirmed. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **April 19, 2022**                                /s/ *Erin P. Gross*
                                                                      UNITED STATES MAGISTRATE JUDGE